# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON WEST,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 23-CV-3694 |
| ANTHONY LETIZIO, *et al.*<br>    Defendants. | :<br>:<br>: |

## ORDER

AND NOW, this 2nd day of May, 2024, upon consideration of the Motion to Dismiss (ECF No. 13) filed by Defendants Medical Director Anthony Letizio and Physicians' Assistant Joe Walsh, Plaintiff's Motion to Extend Time (ECF No. 16); Plaintiff's Response thereto, titled as a "Motion to Deny Defendants Request to Dismiss" (ECF No. 17); Defendants' Reply (ECF No. 18); Plaintiff's Motion to Extend Time (ECF No. 23); Plaintiff's additional submission titled "Deny Defendants Second Request Motion to Dismiss/Alternative Defendants Summary Judgement" (ECF No. 24); and Defendants' Motion to Quash (ECF No. 25), it is **ORDERED** that:

    1. The Motion to Dismiss is **GRANTED IN PART** for the reasons stated in the Court's accompanying Memorandum as follows: all claims asserted against Defendant Walsh are **DISMISSED WITH PREJUDICE**.

    2. The Clerk of Court is **DIRECTED** to terminate Joe Walsh as a Defendant.

    3. Defendant Anthony Letizio shall file a responsive pleading in accordance with Federal Rule of Civil Procedure 12(a)(4).

4.       Plaintiff's Motions to Extend Time (ECF Nos. 16, 23) is **DENIED** as moot because the pleadings referenced in the motions have already been filed with the Court (*see* ECF Nos. 17, 24).[1]

5.       To the extent Plaintiff's Response (ECF No. 17) was docketed as a motion, the Clerk of Court is **DIRECTED** to amend the docket to reflect that the pleading is a Response and terminate the motion,

6.       Defendants' Motion to Quash (ECF No. 25) is **DENIED** as moot because the claim is proceeding as to Defendant Letizio.

**BY THE COURT:**

/s/ John Milton Younge

**JOHN M. YOUNGE, J.**

---

[1] To the extent Plaintiff requests in ECF No. 24 that counsel for Defendants be directed to send mail directly to him at the prison instead of via Smart Communications in Florida, that request is denied. Pennsylvania Department of Corrections ("DOC") mail policy, DC-ADM 803, states that "[a]ll incoming, non-privileged inmate correspondence must be addressed and sent to the Department's contracted central incoming inmate mail processing center" at Smart Communications/PA-DOC in Florida. Attorneys who are not representing an inmate, such as defense counsel in this case, must send documents to the inmate via Smart Communications. *See* https://www.cor.pa.gov/Pages/Mail.aspx (last visited April 29, 2024).